## UNITED STATES v. RAINONE.

### No. 92, Docket 22154.

United States Court of Appeals
Second Circuit.

Submitted Nov. 15, 1951.
Decided Dec. 6, 1951.

Harry G. Anderson, New York City, for Anthony Rainone, defendant-appellant.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., George W. Percy, Jr., and Charles J. Butera, Asst. U. S. Attys., New York City, of counsel, for United States of America, plaintiff-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The jury acquitted the defendant Rainone on the first count of the indictment which charged him with having conspired with the co-defendant Giletta to sell a stolen automobile in interstate commerce, knowing it to have been stolen. It, however, found Rainone guilty on the second count which charged him and Giletta with having transported a stolen automobile from Brooklyn, N. Y., to Stamford, Conn., knowing the same to have been stolen.

Giletta pleaded guilty to the conspiracy count and appeared during the trial as the government's main witness against Rainone. Giletta's testimony, if believed, conclusively established Rainone's participation in the transportation of the automobile from Brooklyn to Stamford and his guilty knowledge. One Morton Gammer, a second-hand auto dealer in Stamford to whom the stolen automobile was sold, also identified Rainone and supplied corroborative testimony. While Giletta had a poor criminal record and may have believed that he would personally benefit by testifying against Rainone, that fact did not disqualify him as a witness but only affected the weight of his testimony, which was a matter for consideration by the jury and not by this court.

The jury was instructed that Giletta's testimony should be closely scrutinized because of his criminal record and his admitted association with the crime charged in the indictment, and we find no error in the admission of his testimony or in the court's charge with respect thereto.

The defendant's contention that the verdict of not guilty on the conspiracy count is "res adjudicata of the substantive count," is likewise untenable. Aside from the question whether *res judicata* may be invoked where the verdicts are rendered together after a single trial, conviction under the conspiracy count would have required proof of an agreement between Rainone and Giletta to sell the automobile and the jury appears to have rejected the government's evidence on this aspect of the case. Consequently, it is clear that the acquittal on the conspiracy count was not a determination of the facts essential to conviction of the substantive offense favorable to the petitioner as in Sealfon v. United States, 332 U.S. 575, 579, 68 S.Ct. 237, 92 L.Ed. 180.

Error is also alleged because the court failed to instruct the jury as to all the essential elements of the crime of which the defendant was convicted. In making this contention the defendant refers to portions of the charge wherein the court failed to instruct the jury that to find the defendant guilty he must have known the automobile was stolen. However, when the portions referred to are placed in their proper context, it appears that on the first occasion the court was clarifying for the jury the distinction between the crime of conspiracy alleged in the first count, and the crime of transportation alleged in the second count. On the other occasion, when the jury had returned after requesting additional instructions, the judge attempted only to dispel its confusion as to whether the second count of the indictment charged a sale of a stolen automobile or only transportation. On neither occasion did the defendant object to the charge, and the judge twice instructed the jury on the necessity of establishing the defendant's knowledge that the automobile was stolen.

Finally, it is contended that the court's conduct of the trial was prejudicial to the defendant and that the court usurped the function of the jury by saying that there was not any question as to whether the automobile was taken from Brooklyn to Stamford. The record reveals nothing which indicates that the defendant was adversely affected by the court's remarks, and the evidence was clear beyond doubt that the automobile which was stolen in New York was recovered in Stamford, Conn., from the used car dealer to whom Giletta had sold it. The question whether Rainone accompanied Giletta from Brooklyn to Stamford when the automobile was transported was in issue but was clearly left by the court to the jury and decided adversely to Rainone.

For the foregoing reasons the judgment is affirmed.