**UNITED STATES of America,**
**Appellee,**

v.

**Dominick MARCONE, Alfred Sacco and**
**Archangelo Noio, Appellants.**

**No. 200, Docket 25849.**

United States Court of Appeals
Second Circuit.

Argued Jan. 11, 1960.

Decided Feb. 15, 1960.

Daniel H. Greenberg, New York City (Samuel W. Altman, New York City, on the brief), for appellant Dominick Marcone.

Frances N. Kahn, New York City, for appellants Alfred Sacco and Archangelo Noio.

John S. Clark, Asst. U. S. Atty., S. D. New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Otis Pratt Pearsall, Asst. U. S. Atty., S. D. New York, New York City, on the brief), for the United States.

Before CLARK, HINCKS and WATERMAN, Circuit Judges.

HINCKS, Circuit Judge.

■ The appellant Marcone, with his codefendant Capalbo, was charged in a two-count indictment (1) with the sale on or about January 29, 1958 of narcotics in violation of 21 U.S.C.A. §§ 173 and 174, and (2) with conspiracy from January 1, 1958 to the date of the indictment, March 6, 1958, to violate §§ 173 and 174. The charges against several of the originally named defendants were severed and the codefendant Capalbo pleaded guilty on both counts. The others, Sacco and Noio, who were charged only in the conspiracy count, were tried, together with Marcone, before a jury which returned verdicts of guilty against all three on the conspiracy count: on the sale count the jury returned a verdict of not guilty as to Marcone. The three defendants thus convicted have appealed. As to Sacco and Noio, the Government confesses error. We agree that as to them there was insufficient evidence to support the convictions. Accordingly, as to Sacco and Noio the judgments of conviction are reversed with a direction that the indictment be dismissed. We turn now to consider Marcone's appeal.

The appellant's principal contention is that his acquittal on Count 1, charging a sale on January 29, 1958, requires a reversal of his conviction on the conspiracy charge. This is so, he argues, because the only evidence supporting his conviction of conspiracy is the same evidence as that adduced in support of Count 1, and since his acquittal on Count 1 constituted a determination that he neither participated nor aided in the sale of January 29, the evidence connecting him with the sale (to quote from his brief) "is not available against him to prove his participation in the conspiracy." For this proposition the appellant relies on Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180, and United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161.

■ There are at least two factors in this case which completely undermine the appellant's position. First is the fact that the verdict of acquittal on Count 1, which is stated to preclude the verdict of guilty on Count 2, was returned by the same jury after a single trial on both counts. In the Sealfon and Oppenheimer cases, it was held only that facts determined by an acquittal in one trial precluded conviction *in a subsequent trial* based on the same facts. That is not the situation here where both verdicts were returned by the same jury in a single trial. To such a situation it is well established that the Sealfon rule does not apply. United States v. Coplon, 2 Cir., 185 F.2d 629, 633, 28 A.L.R.2d 1041, certiorari denied 342 U.S. 290, 72 S.Ct. 362, 96 L.Ed. 688; Ross v. United States, 6 Cir., 197 F.2d 660, certiorari denied 344 U.S. 832, 73 S.Ct. 40, 97 L.Ed. 648. Cf. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356.

■ Second. The premise underlying the appellant's argument is false. For quite aside from the evidence relating to the January 29 sale there was sufficient additional evidence of a conspiracy between Marcone and Capalbo; e. g., in the evening of February 12, 1958 the appellant was engaged in a highly incriminating conversation with his coconspirator Capalbo and the federal agents. This evidence was enough to support a finding that the appellant was a member of the alleged conspiracy and on such a finding numerous declarations by Capalbo incriminating the appellant became admissible against the appellant. It just is not so that the only evidence of the conspiracy was that relating to the January 29 sale.

Thus in this respect also this case differs from Sealfon v. United States, supra. For here it is clear that the acquittal on the substantive offense charged to have occurred *on January 29* could not possibly be "a determination favorable to petitioner of the facts essential to conviction" [1] of a conspiracy charged to have

---

1. Sealfon v. United States, supra, 332 U.S. at pages 578–579, 68 S.Ct. at page 239.

continued *subsequent to January 29.* Nor does the acquittal on Count 1 involve a determination adverse to the Government of the facts constituting the overt acts charged in the conspiracy count.

We conclude, therefore, that the case here is ruled not by Sealfon but by cases such as United States v. Rabinowich, 238 U.S. 78, 35 S.Ct. 682, 59 L.Ed. 1211; Dunn v. United States, supra; United States v. Winters, 2 Cir., 158 F.2d 674; United States v. Rainone, 2 Cir., 192 F.2d 860; Steckler v. United States, 2 Cir., 7 F.2d 59; Shayne v. United States, 9 Cir., 255 F.2d 739, certiorari denied 358 U.S. 823, 79 S.Ct. 39, 3 L.Ed.2d 64. Cf. Pereira v. United States, 347 U.S. 1, 11–12, 74 S.Ct. 358 98 L.Ed. 435. The reasoning in all three of the opinions in United States v. Maybury, 2 Cir., 274 F.2d 899, supports this conclusion.

■ The appellant's only other ground of appeal is that it constituted prejudicial error to try the appellant Marcone with the other appellants (Sacco and Noio) who at most, now it is asserted, were members of a separate, unrelated conspiracy. For this position the appellant invokes Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, and United States v. Russano, 2 Cir., 257 F.2d 712. But neither case, we hold, is pertinent to the situation here. For there was abundant evidence here of a conspiracy between the appellant and Capalbo as middlemen in the distribution of narcotics, which continued on well into February, 1958. And the mere fact that the Government failed to prove that Sacco and Noio were members of the conspiracy charged, as by its confession of error it now concedes, did not constitute reversible error as to the appellant. Sacco and Noio both testified in their own defense but neither implicated the appellant. Nor did the Government's witnesses testify to declarations made by Sacco and Noio which incriminated the appellant. It is true that there was evidence both from the Government and from Sacco and Noio themselves that the latter had attempted to swindle a Government narcotic agent by a sale of flour disguised as a narcotic. But in view of the damning evidence which linked the appellant with the conspiracy to traffic in narcotics, evidence of the projected but unsuccessful swindle, even if shown to have been connected with the appellant, could scarcely have constituted serious prejudice.

Affirmed as to Marcone; as to Sacco and Noio, reversed with a direction to dismiss.