UNITED STATES of America, Appellee,

v.

BAYSIDE NOVELTY CO., Inc., and Ephraim Haspel, Defendants-Appellants.

No. 224, Docket 25894.

United States Court of Appeals Second Circuit.

Argued Feb. 2, 1960.

Decided Feb. 26, 1960.

208

Louis Kaye, New York City, for defendants-appellants.

George I. Gordon, Asst. U. S. Atty., New York City (Kevin Thomas Duffy, Asst. U. S. Atty., and S. Hazard Gillespie, Jr., U. S. Atty., for the Southern District of New York, New York City, on the brief), for appellee.

Before MEDINA and WATERMAN, Circuit Judges, and MADDEN, Judge, United States Court of Claims.*

PER CURIAM.

The three count information in this case charged appellants: (1) with fail-ure to pay its employees time and a half for hours of work in excess of forty hours in each work week, as required by 29 U.S.C.A. §§ 207, 215(a) (2) and 216(a); (2) with unlawfully, wilfully and knowingly failing to make, keep and preserve records as required by 29 U.S.C.A. § 211 (c) and C.F.R. 29, Section 516.2; and (3) with unlawfully, wilfully and knowingly shipping in interstate commerce goods in the production of which employees were employed in violation of 29 U.S.C.A. §§ 207, 215(a) (1) and 216(a). The jury acquitted appellants on Counts 1 and 3 but found them guilty as charged in Count 2. The Court imposed a fine of $5000 upon both appellants jointly and severally, and the individual appellant was ordered to stand committed until the fine is paid or he is otherwise discharged according to law. A Judge of this Court stayed execution of the sentence pending the hearing and determination of this appeal.

There was ample evidence to sustain the finding that the records required by law were not kept. Nor is there any inconsistency in the verdict as rendered. Indeed, even if there were an inconsistency, this would be no ground for reversal. Dunn v. United States, 1932, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; United States v. Marcone, 2 Cir., 1960, 275 F.2d 205. While the trial judge asked numerous questions, we find no impropriety whatever in his having done so. United States v. De Fillo, 2 Cir., 1958, 257 F.2d 835, certiorari denied 1959, 359 U.S. 915, 79 S.Ct. 591, 3 L.Ed.2d 577; United ed States v. Switzer, 2 Cir., 1958, 252 F.2d 139, certiorari denied 1958, 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366. We are not concerned with the amount of the fine. Indeed, it was but half of the statutory maximum. The exhibit containing the transcription by Investigator Hopkins from pages of Bayside's payroll book for the time workers has no relevancy to the issues on this appeal; and it was properly received in

* Sitting by designation.

any event. The diary sheet of Investigator Shea was made in the regular course of his business as a Government investigator and competent under 28 U.S.C. § 1732. Finnegan v. United States, 8 Cir., 1953, 204 F.2d 105, certiorari denied 1953, 346 U.S. 821, 74 S.Ct. 36, 98 L.Ed. 347. The relevancy of this exhibit is obvious as it confirms the visit of Shea to Haspel, before the violations by Bayside, at which Shea informed Haspel that time records of the pieceworkers must be kept. We find no merit in the other contentions advanced by appellants.

Affirmed.