UNITED STATES of America,
Appellee,

v.

Santo CAPPELLO and Ralph Mallamace,
Defendants-Appellants.

No. 300, Docket 28177.

United States Court of Appeals
Second Circuit.

Argued Jan. 24, 1964.

Decided Feb. 4, 1964.

See also, D.C., 209 F.Supp. 959.

Lewis L. Douglass, Asst. U. S. Atty., Eastern District of New York (Joseph P. Hoey, U. S. Atty., Eastern District of New York), for appellee.

H. Elliot Wales, New York City, for appellant Cappello.

Herbert A. Lyon, New York City, for appellant Mallamace.

Before FRIENDLY and HAYS, Circuit Judges, and ANDERSON, District Judge.

PER CURIAM.

The defendants were tried by a court and jury on two counts of an indictment. One of the counts charged them with a conspiracy wilfully to transport obscene films in interstate commerce. On this count they were convicted. The other count, on which they were acquitted, charged them with the substantive offense of transporting films in interstate commerce.

Their appeals are based principally upon the claim that the factual issue of the transportation of obscene films in interstate commerce was decided by the jury in favor of the appellants and, being *res adjudicata,* could not be used as one of the essential elements proved in support of the conspiracy charge on which they were convicted. They assert that Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932) in holding that consistency in the verdict is not necessary, where offenses are separately charged in the counts of a single indictment, was overruled *sub silentio* by United States v. Sealfon, 332 U.S. 575, 68

S.Ct. 237, 92 L.Ed. 180 (1948). While this court has recently denied a similar claim in a case which, like the present appeal, concerned an acquittal on a substantive count and a conviction on a conspiracy count submitted to the jury at the same time in a single trial, United States v. Marcone, 275 F.2d 205, 206 (2 Cir.), cert. denied 362 U.S. 963, 80 S.Ct. 879, 4 L.Ed.2d 877 (1960), and we see no reason to reexamine that holding, the point could not avail the appellants in any event because there was sufficient evidence to support the jury's verdict of guilty on the conspiracy count without consideration of the evidence of actual transportation across state lines. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

■ The jury could reasonably have found that Cappello, in April, 1958, made arrangements in Cleveland, Ohio, with a girl named Sherrillyn Ranallo for her to go to New York to make "strip-tease" films; that he telephoned Mallamace in New York and planned with him that Mallamace would take pictures of the Ranallo girl engaging in sexual intercourse with men in New York; that such films were made by Mallamace in New York; and that Cappello went to New York and picked up the films, which they both knew were obscene, pursuant to an understanding with Mallamace that they would be sold in Cleveland, Ohio.

The complete formulation by the appellants of their plan to break the law and the added proof of one of the alleged overt acts committed in furtherance of the plan, i. e., the telephone call from Cappello to Mallamace, were sufficient to constitute the crime of conspiracy without reference to any facts relating to the transportation of the films across state lines. United States v. Falcone, 311 U.S. 205, 210, 61 S.Ct. 204, 85 L.Ed. 128 (1940), and United States v. Agueci, 310 F.2d 817, 828 (2 Cir.1962), cert. denied 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963).

■ The appellants' remaining claims are without merit. Any right they may have had to object to the exclusion of the public from the courtroom during the showing of the films was waived through failure to object at the trial. Under the circumstances of this case the prosecutor's remark in the course of his summation that certain government witnesses " * * * were not the friends of the government, they knew the defendant," was not improper.

The judgments are affirmed.