550 P.2d 1080

**The STATE of Arizona, Appellee,**

v.

**Gabriel Ballesteros ESTRADA, Appellant.**

**No. 2 CA–CR 790.**

Court of Appeals of Arizona,
Division 2.

June 16, 1976.

Rehearing Denied Aug. 3, 1976.

See also 27 Ariz.App. 41, 550 P.2d 1083.

an unlawful arrest; (2) the trial court erred in admitting into evidence a prior bad act; (3) no overt acts were proven and (4) there was insufficient evidence to show appellant was a member of a conspiracy.

The record shows that agents Redondo and Parella, members of the Metropolitan Area Narcotics Squad, were working undercover in an attempt to arrange a heroin buy from one of the alleged co-conspirators, Johnny Leon. The agents told Leon they had $10,000 and wanted to purchase 8 to 10 ounces of heroin. Throughout their negotiations, Leon indicated that he did not personally have the heroin but he would have to contact "his people" in order to obtain the narcotics. After several abortive attempts to accomplish the sale, firm arrangements were made and a place selected where the sale of four ounces of heroin was to take place. Leon told the agents he was getting the heroin from "the other side" (Mexico) and would be with another person who was bringing the heroin.

After a mistake on the agents' part as to where the sale was to take place, Leon, appellant and another alleged co-conspirator, Armenta, were spotted waiting in a Tucson southside park. Other agents of the Metropolitan Area Narcotics Squad arrested the three and, according to the testimony of agent Morgan, four ounces of heroin were found in appellant's possession.

## CONSPIRACY

 The elements of a criminal conspiracy are: (1) an unlawful object to be accomplished, (2) a plan or scheme embodying means to accomplish that object, (3) an agreement or understanding between two or more of the defendants whereby they become definitely committed to cooperate for the accomplishment of the object by the means embodied in the agreement or by any effectual means and (4) an overt act, except when the agreement is to commit a felony upon the person of another or to commit arson or burglary. *State v. Sullivan*, 68 Ariz. 81, 200 P.2d 346

---

Bruce E. Babbitt, Atty. Gen. by Heather A. Sigworth, Asst. Atty. Gen., Tucson, for appellee.

Donau, Bolt, Hickle & Whitley by Alfred S. Donau, III, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was indicted by a grand jury for unlawful possession of heroin, unlawful transportation of heroin and conspiracy to violate the state narcotics laws. In a jury trial he was found guilty on the conspiracy charge and not guilty of the other charges.

Appellant contends that (1) the evidence should have been suppressed as a result of

(1948); A.R.S. Sec. 13–332. No written, formal or definite agreement is necessary to constitute a conspiracy. The existence of an unlawful agreement can be inferred from the overt conduct of the parties. *State v. Sullivan*, supra; *U. S. v. Harris*, 433 F.2d 333 (4th Cir. 1970).

"If [direct evidence of conspiracy] were necessary, it rarely, if ever, could be proved. Conspirators do not work in the light. They prefer darkness literally and figuratively. They frequently obscure their purpose by formal and technically correct instruments of writing, leaving their real purpose for execution, notwithstanding the writing. The effects and results of a conspiracy can be observed and proved, but rarely can one get a glimpse or make proof of the secret conferences which inaugurate it. For these manifest reasons proof of a criminal combination to do an unlawful act can rarely be made except by light reflected from its consequences or results." *Smith v. United States*, 157 F. 721, 728 (8th Cir. 1907), see also, *Pittsburgh Plate Glass Company v. United States*, 260 F.2d 397 (4th Cir. 1958); *United States v. Cudia*, 346 F.2d 227 (7th Cir. 1965).

An overt act in this case occurred when Estrada brought the heroin with him to the park. That overt act together with co-conspirator Leon's statement that one of "his people" would be bringing the narcotics is sufficient evidence to support a jury verdict of guilty as to conspiracy.

Does the fact that the jury found appellant not guilty of the substantive offenses of transportation of heroin and possession of heroin preclude use of the fact of possession in the conspiracy charge? In *United States v. Marcone*, 275 F.2d 205 (2nd Cir. 1960) the defendant was charged in a two-count indictment with sale of narcotics and conspiracy. He was acquitted on the substantive charge but found guilty of conspiracy. On appeal he contended that the same facts which were involved in the charge of which he was acquitted could not be used to convict him on a conspiracy count.

■ The appellate court did not agree with this position since both verdicts were returned by the same jury in a single trial. In such a situation consistency between the verdicts is not necessary. Arizona is in accord with this proposition. *State v. Helmick*, 112 Ariz. 166, 540 P.2d 638 (1975). While the court in *Marcone* also gave as a reason for sustaining the conviction the fact that there was other evidence of the conspiracy over and above that necessarily included in the substantive offense, it is clear that either reason was sufficient to sustain the conviction.

The fact that the jury found appellant not guilty on the substantive offenses does not necessarily mean that it found that he was not in possession of the heroin. The acquittal is no more than the jurors' assumption of a power which they had no right to exercise but to which they were disposed through lenity. *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). Whether the jury's verdict was a result of carelessness or compromise is immaterial. Juries may indulge in precisely such motives or vagaries. *United States v. Dotterweich*, 320 U.S. 277, 64 S. Ct. 134, 88 L.Ed. 48 (1943). See also, *United States v. Coplon*, 185 F.2d 629 (2nd Cir. 1950).[1]

## PRIOR BAD ACTS

One of appellant's defenses was that he and Armenta were similar in appearance and Officer Morgan was mistaken as to which person he searched and found the

---

1. In *Robles v. People*, 160 Colo. 297, 417 P.2d 232 (1966) and *Ex Parte Johnston*, 3 Cal.2d 32, 43 P.2d 541 (1935) the Colorado and California courts held contrary to the foregoing cases. Arizona originally followed the rule in *Johnston* in the case of *State v.*

*Fling*, 69 Ariz. 94, 210 P.2d 221 (1949). However, *Fling* was expressly overruled in *State v. Zakhar*, 105 Ariz. 31, 459 P.2d 83 (1969). See also, Annot., 18 A.L.R.3d 259, Secs. 30 & 31[d], pp. 355–364.

heroin. The state was permitted, over appellant's objection, to introduce evidence that on May 10, 1974, appellant helped unload a large quantity of marijuana at a house in Tucson and was paid a sum of money "in connection with the sale, transportation or possession for sale . . . of that marijuana." This testimony was admitted for the ostensible purpose of showing identity.

 The general rule is that evidence of separate and independent crimes is inadmissible to prove the guilt of a person on trial for a criminal offense, but such evidence may be offered for the purpose of establishing motive, intent, absence of mistake or accident, identity, and common scheme or plan. *State v. Tostado*, 111 Ariz. 98, 523 P.2d 795 (1974). Where the identity of a defendant is a question in issue, any facts tending to establish identity have probative value, and, if offered for that purpose are receivable, and other acts or crimes may be shown if they are relevant, regardless of their criminal character. *State v. Francis*, 91 Ariz. 219, 371 P.2d 97 (1962). However, the mere fact that identity is an issue does not mean that any and all prior criminal acts are admissible. There must be some connection between the two offenses for there to be any probative value justifying admitting the evidence. *People v. Banks*, 2 Cal.3d 127, 84 Cal.Rptr. 367, 465 P.2d 263 (1970). Because evidence of other crimes is highly prejudicial, it should be admitted only:

> ". . . when the marks common to the charged and uncharged offenses, considered singly or in combination, logically operate to set the charged and uncharged offenses apart from other crimes of the same general variety and, in so doing, tend to suggest that the perpetrator of the uncharged offenses was the perpetrator of the charged offenses."

*People v. Haston*, 69 Cal.2d 233, 246, 70 Cal.Rptr. 419, 428, 444 P.2d 91, 100 (1968).[2]

We see no connection, factual or otherwise, between the earlier offense and the crime charged which would aid the jury in identifying appellant as a person who possessed the heroin. Nor, do we find any similarity which would justify admission of such evidence on the issues of knowledge or intent.

The court committed prejudicial error in allowing this testimony into evidence.

 We find that there was sufficient evidence for the police officers to believe that either Estrada or Armenta or both were Leon's "Mexican Connection". Appellant's arrest was based on probable cause and therefore the search and seizure was proper.

Reversed and remanded for new trial.[3]

KRUCKER and HATHAWAY, JJ., concur.

---

2. See also, Vol. 22A C.J.S. Criminal Law § 684 p. 759; Wharton's Criminal Evidence, Vol. 1, 13th Ed. Sec. 243, pp. 547 et seq.; *Lewis v. State*, 32 Ariz. 182, 256 P. 1048 (1927).

3. Since the jury's determination on the substantive counts was not necessarily a finding that the fact of possession did not occur, a new trial by a different jury is justified.