550 P.2d 1083
**The STATE of Arizona, Appellee,**

v.

**Albert DUPUY and Roberto A. Gomez, Appellants.**

**No. 2 CA–CR 808.**

Court of Appeals of Arizona, Division 2.

June 16, 1976.

As Corrected Aug. 5, 1976.
Supplemental Opinion on Rehearing
Aug. 17, 1976. See 552 P.2d 1202.

---

**42**

E. Leigh Larson, Santa Cruz County Atty. by Roberto C. Montiel, Chief Deputy County Atty., Nogales, for appellee.

Bolding, Oseran & Zavala by Richard Oseran, Tucson, for appellant Dupuy.

Solsberry & McDonald by Kerry A. McDonald, Nogales, for appellant Gomez.

## OPINION

HOWARD, Chief Judge.

This is an appeal from a jury verdict finding appellants guilty of conspiracy to unlawfully transport marijuana. They were each sentenced to three years probation.

On April 3, 1975, undercover agents Nixon, Johnson and Wisner of the Department of Public Safety were drinking beer at the Poco Loco Bar in Tucson, Arizona. Nixon started conversing with Jacob Jordan and eventually learned from Jordan that approximately 60 kilos of marijuana would cross the border on horseback and that Deborah Edwards would transport the marijuana to Tucson.

With agent Nixon driving, the three agents together with Jordan, picked up Deborah Edwards at her apartment and continued to the Plaza International Hotel in Tucson where Jordan said he had to see someone by the name of Albert. Jordan went inside the hotel and upon returning to the car he and Edwards left the agents and went back inside the hotel. Agent Johnson followed them into the hotel and observed Jordan conferring with a man, later identified as appellant Gomez. Then Jordan and Edwards met with two people alongside a white Toyota automobile in the hotel parking lot.

Shortly thereafter, at approximately 7:00 p. m., Jordan, Edwards and two other people, got into the Toyota and left the Plaza parking lot. The agents, with other surveillance vehicles, followed the Toyota to the Don Juan Motel in Nogales, Arizona, where they observed three people, one of whom was Edwards, exit the Toyota and go into Room No. 3. Sometime later two people came out of that room, got into the Toyota and drove off. Edwards remained in the motel room.

After unsuccessfully trying to follow the Toyota, the agents returned to the area of

the Don Juan Motel and parked approximately 150 yards away. The Toyota automobile did not return.

At about 10:00 p. m., the agents saw a white and blue Chevrolet pickup with a camper drive into the parking area of the Don Juan Motel and park out of their sight behind the motel. The agents then observed three people go into Room No. 3, identifying them by the clothing they were wearing. One was wearing the type of clothing that Jordan had worn earlier and agent Nixon was able to positively identify appellant Gomez at that time. Approximately fifteen minutes later four people left Room No. 3 and walked to the rear of the motel where the pickup with camper was parked.

Next, the agents saw a white pickup, without a camper, and the white and blue pickup with camper, park parallel to each other at the motel entrance. First, the pickup without camper exited, traveling north. Shortly thereafter the white and blue pickup with camper departed also traveling north.

At milepost 14 on Highway I-19, the agents, together with Highway Patrolman Philpot, stopped the white and blue pickup with camper. The driver, appellant Dupuy, and passengers, appellant Gomez and Jordan, were ordered out of the vehicle and the vehicle was searched. No marijuana was found.

Then agent Johnson and Officer Philpot proceeded north in Philpot's vehicle. Around milepost 20 they came upon a pickup without a camper which closely resembled the other pickup earlier seen leaving the Don Juan Motel. They stopped the pickup, took the river, Deborah Edwards, into custody and searched the vehicle. Agent Johnson found 49 kilo bricks of marijuana hidden under a board in the bed of the truck.

At no time did the agents observe anyone loading or unloading either vehicle, nor did they know to whom they belonged or who was driving them until after the vehicles were stopped.

On April 4, 1975, Roberto A. Gomez, Albert Dupuy, Jacob Jordan and Deborah Edwards were charged by complaint with unlawfully possessing marijuana for sale and unlawfully transporting marijuana. These charges were later dismissed without prejudice.

On July 7, 1975, the above charges were reinstated against appellants Gomez and Dupuy and they were additionally charged with conspiracy to unlawfully possess marijuana for sale and to unlawfully transport marijuana in violation of A.R.S. Sec. 13–331.

Appellants' motions for judgment of acquittal were granted by the trial court as to Counts I and II, unlawfully possessing marijuana, and unlawful transportation of marijuana, respectively, but denied as to Count III, the conspiracy charge. The jury returned a verdict of guilty as to Count III.

Appellants raise several issues on appeal. However, we need not discuss all of them since we agree with them that their motion for judgment of acquittal should have been granted.

In *State v. Estrada*, 27 Ariz.App. 38, 550 P.2d 1080 (released this date), we held that an acquittal by the jury on the substantive offense and a finding of guilty on conspiracy charge is not an inconsistent verdict and does not require reversal even though the overt act necessary to sustain the conspiracy conviction was the same act which formed the basis of the substantive charge. But it must be noted that this rule only applies when the verdicts are all rendered by the same jury; the same trier of fact. This is necessary in order for the rationale of *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932) to apply.

The case sub judice is more akin to *Sealfon v. United States,* 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948), which held that res judicata may be a defense in a

**44**

second prosecution. We do not have here an inconsistent verdict. We have a judgment of acquittal by one tribunal, the court, and a verdict of guilty by another tribunal, the jury. In such a situation the doctrine enunciated in *Sealfon,* supra, and *United States v. Oppenheimer,* 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161 (1916), applies. The fact that appellants were aiders and abettors in the possession and transportation of the marijuana was essential to the conspiracy charge since without such evidence the state did not prove the overt act necessary to sustain the charge. The acquittal by the court on the substantive offenses was a determination favorable to appellants on this issue and the doctrine of res judicata precluded the use of those facts to sustain the conspiracy charge.

The sentence is set aside, the judgment of conviction is reversed and the trial court is ordered to dismiss Count III with prejudice.

KRUCKER and HATHAWAY, JJ., concur.