552 P.2d 1202

The STATE of Arizona, Appellee,

v.

Albert DUPUY and Roberto A. Gomez,
Appellants.

No. 2 CA–CR 808.

Court of Appeals of Arizona,
Division 2.

Aug. 17, 1976.

E. Leigh Larson, Santa Cruz County Atty., by Roberto C. Montiel, Chief Deputy County Atty., Nogales, for appellee.

Bolding, Oseran & Zavala, by Richard Oseran, Tucson, for appellant Dupuy.

Solsberry & McDonald, by Kerry A. McDonald, Nogales, for appellant Gomez.

## OPINION

HOWARD, Chief Judge.

We are convinced that we were incorrect in concluding that under the facts of this case commission of the substantive offense was necessary to prove the overt act. The overt act required by statute is any act which is done in furtherance of the conspiracy. *United States v. Armone,* 363 F.2d 385 (2nd Cir. 1966). An overt act is an act done by one of the parties to carry out an intent, and it must be such as would naturally effect that result; at least it must be a step toward the execution of the conspiracy. *State v. Sullivan,* 68 Ariz. 81, 200 P.2d 346 (1948). The overt acts need not be in themselves criminal in nature so long as they are done in furtherance of the conspiracy. *People v. Robinson,* 43 Cal.2d 132, 271 P.2d 865 (1954). An overt act need amount to no more than

an act showing that the conspiracy has gone beyond a mere meeting of the minds upon the attainment of an unlawful object and that action between conspirators as such has begun. *People v. Sullivan*, 113 Cal.App.2d 510, 248 P.2d 520 (1952). It is not necessary that all the co-conspirators commit an overt act. It need only be done by one of the parties to the agreement. A.R.S. Sec. 13–332.

If there is evidence of the conspiracy over and above that necessarily included in the substantive offense the court's not guilty findings would not bar prosecution for conspiracy. *United States v. Marcone*, 275 F.2d 205 (2nd Cir. 1960). We find the record contains at least two such instances, first, the traveling by appellants to Nogales and second, the possession and transportation of the marijuana by Deborah Edwards, a co-conspirator. We conclude that there was evidence of an overt act.

We thus find it necessary to discuss the balance of appellants' questions presented for review. They first claim that there was insufficient evidence of an unlawful agreement. We do not agree. The existence of an unlawful agreement can be inferred from the overt conduct of the parties. *State v. Sullivan*, supra. *State v. Estrada*, 27 Ariz.App. 38, 550 P. 2d 1080 (1976). The facts here support such an inference.

Appellant Dupuy next contends that the court erred in not granting his motion to suppress the evidence of the marijuana because the stopping of the vehicle driven by him was without probable cause. Although this vehicle contained no contraband, appellant argues that the stopping of the vehicle driven by Edwards was the result of the failure to find the marijuana in the Dupuy vehicle and thus was the fruit of the poisonous tree. We do not agree. The officers had been told that Deborah Edwards was going to transport the marijuana. Earlier that evening, she had told Agent Nixon at the Plaza International Hotel that she was getting paid $500 to run the load that night. The stopping of her vehicle was not due to any unlawful exploitation of an illegal arrest and search of another vehicle. It was based on probable cause.

Appellant Dupuy also contends the court erred by allowing the State to present the testimony of witnesses from the State did not disclose as required by Rule 15.1(a)(1), Rules of Criminal Procedure. One witness of whose testimony appellant complains did not testify at the trial. Appellant nevertheless states that the witness did testify at the motion to suppress before the same judge who tried the case and that the State must disclose all witnesses which it intends to *use*. This contention is without merit. The rule refers only to witnesses who will be called ". . . in the case-in-chief . . ." and is clearly applicable to the trial of the case only, and not to pretrial motions.

As for the other witness, a chemist, his name was supplied in the information filed by the State as a witness. Furthermore, the trial court offered appellant the opportunity to have his own chemist examine the marijuana. Appellant declined to accept the court's offer. We perceive no prejudice accruing to appellant in allowing the testimony.

Appellant Dupuy contends the trial court erred by failing to grant his motion to dismiss for failure to hold an omnibus hearing as provided for in Rule 16.3, Rules of Criminal Procedure. There was no prejudice to appellant from such failure and his contention is without merit.

Appellant Gomez contends the trial court erred by failing to grant his motion to dismiss for the prosecution's failure to comply with the disclosure requirements of Rule 15, Rules of Criminal Procedure. For the reasons previously set forth in answering appellant Dupuy's contentions on this point, we reject Gomez' claimed error.

When the trial court called the case for trial and inquired whether appel-

lant Gomez was present, the prosecutor stated that Gomez was in jail on another charge. Since prospective jurors were present when this occurred, appellant Gomez moved for a mistrial which was denied. Gomez claims this was prejudicial error. We do not agree. The jurors were individually questioned as to whether they heard the prosecutor's statement and those who responded in the affirmative were excused.

Affirmed.

KRUCKER and HATHAWAY, JJ., concurring.