762 P.2d 623

The STATE of Arizona, Appellee,

v.

Arthur Murray DOAN, Jr., Appellant.

No. 2 CA–CR 87–0237.

Court of Appeals of Arizona, Division 2, Department B.

June 21, 1988.

Review Denied Oct. 25, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Greg A. McCarthy, Phoenix, for appellee.

Harold L. Higgins, Jr., Pima County Public Defender by Susan A. Kettlewell, Tucson, for appellant.

## OPINION

FERNANDEZ, Judge.

In this child abuse case, we must determine whether the allegation of dangerousness was properly submitted to the jury. We conclude that it should not have been submitted and remand for resentencing. We find no other error.

The evidence was that on October 23, 1986, appellant hit his six-year-old stepdaughter with a belt. She testified that the belt hit her on the face when she turned around while appellant was trying to hit her rear end with it. The evidence was that appellant then hit her on her rear end. The first blow resulted in a bad bruise on her cheek. Five days later, appellant again hit the child with a belt, causing bruises along her backside from her shoulders to her calves.

Count one of the indictment, which involved the October 23 incident, charged that appellant knowingly committed child abuse under circumstances likely to produce death or serious physical injury pursuant to A.R.S. § 13-3623(B)(1). Count two charged that on October 28, he knowingly committed child abuse under circumstances other than those likely to cause death or serious physical injury pursuant to § 13-3623(C)(1). The state alleged that both counts were of a dangerous nature pursuant to A.R.S. § 13-604. At the close of evidence, the court directed an acquittal as to count one on the culpable mental state of knowingly. The jury found appellant not guilty of child abuse under circumstances likely to produce serious injury as charged in count one but found him guilty of the lesser offense of child abuse under circumstances other than those likely to produce serious physical injury. On that count, the jury found that appellant acted with criminal negligence. On count two, the jury found appellant guilty of child abuse under circumstances other than those likely to produce serious physical injury and found that he acted knowingly. The jury found both counts were of a dangerous nature involving the use of a dangerous instrument, a belt.

The court sentenced appellant to presumptive, concurrent prison terms of 2.25 years on count one, a class 6 felony, and six years on count two, a class 4 felony. The sentences were enhanced because of the dangerous nature findings.

Appellant contends the court erred in submitting the allegation of dangerous nature to the jury and in failing to repeat a jury instruction.

## PROPRIETY OF DANGEROUS NATURE SUBMISSION

■ In both counts, the jury found that the child abuse involved in this case occurred under circumstances other than those likely to produce death or serious physical injury. We are presented with the question of whether it was then proper for the court to submit the dangerous nature issue under A.R.S. § 13-604(F) to the jury for purposes of enhancing appellant's sentence. Because of the unique provisions of the child abuse statute, we find the court erred in doing so.

A.R.S. § 13–3623(B) delineates the felony classifications for child abuse committed "[u]nder circumstances likely to produce death or serious physical injury...." The classifications depend upon the culpable mental state which is found to have existed. Subsection C delineates the classifications of abuse committed "[u]nder circumstances other than those likely to produce death or serious physical injury...."

Under A.R.S. § 13–105(8), "dangerous instrument" is defined as "anything that *under the circumstances in which it is used*, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury" (emphasis added). The definition of "serious physical injury" under the child abuse statute is virtually identical to the definition of serious physical injury applicable to dangerous nature allegations. See A.R.S. §§ 13–3623(A)(3) and 13–105(31).

The jury found appellant not guilty of the charge of child abuse under circumstances likely to produce serious physical injury. The verdict forms for both counts of which appellant was convicted specifically stated that the crimes were committed "under circumstances other than those likely to produce serious physical injury." The dangerous nature question was to be answered only after appellant had been found guilty of child abuse. However, once the jury determined that the crime had been committed under other circumstances, it could not then determine that "under the circumstances" in which the belt was used, it was readily capable of causing serious physical injury. The two findings are internally inconsistent. We conclude that the court erred in submitting the issue of dangerousness to the jury.

## REQUESTED REPEAT OF JURY INSTRUCTION

The court instructed the jury prior to the opening statements. One of the instructions was that the jury must not be influenced by sympathy or prejudice. During her closing argument, the prosecutor snapped the belt which was in evidence in the case and slapped her legal pad on the table at the end of her argument. Because of that conduct, appellant later requested that the sympathy and prejudice instruction be repeated. The request was denied by the court.

■ Appellant claims the denial was erroneous. We disagree. The record shows that the final instructions specifically informed the jury that counsels' closing arguments were not evidence. The court instructed the jurors that the evidence they should consider consisted of the testimony of the witnesses and the exhibits. We note that appellant's objections were not timely. We find no error.

Appellant's convictions are affirmed. The findings of dangerous nature are set aside, and the case is remanded for resentencing.

LIVERMORE, P.J., concurs.

ROLL, Judge, concurring in part; dissenting in part.

I concur with the affirmance of defendant's convictions but dissent from the vacating of findings of dangerous nature.

I believe that the verdicts of guilty of child abuse under circumstances other than those likely to cause serious physical injury do not preclude the jury from nevertheless finding that the instrumentality used was readily capable of causing serious physical injury. The jury may evaluate the dangerousness of the instrumentality, here, a belt, separately from its evaluation under A.R.S. § 13–3623 of the injuries actually inflicted. *State v. Borbon*, 146 Ariz. 392, 706 P.2d 718 (1985).

Although the jury found that appellant used the belt under circumstances other than those likely to cause serious physical injury, it could also have concluded that the belt, under the circumstances in which it was "use[d] or exhibit[ed]," A.R.S. § 13–604(F), was "readily capable" of causing serious physical injury. A.R.S. § 13–105(8). See *State v. Fatty*, 150 Ariz. 587, 589–90, 724 P.2d 1256, 1258–59 (App. 1986).

I would affirm the defendant's convictions and sentences in all respects.