827 P.2d 476

**The STATE of Arizona, Appellee,**

v.

**Bobby Mason PARSONS, Appellant.**

**No. 2 CA–CR 90–0919.**

Court of Appeals of Arizona,
Division 2, Department B.

Oct. 8, 1991.

Review Denied April 21, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Daniel J. Kiley, Phoenix, for appellee.

Tracy G. Ragsdale, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was indicted on one count of third-degree burglary, two counts of aggravated assault, and two counts of endangerment (later dismissed). The aggravated assault counts charged appellant with assault "with a deadly weapon or dangerous instrument, to wit: a knife and/or a board...." The state also filed allegations of a prior conviction and that the offense was of a dangerous nature, stating that the charges of aggravated assault involved "use of a deadly weapon and/or dangerous instrument, to wit: a knife and/or a board."

The case was tried to a jury and, following the close of the state's evidence, the trial court directed a verdict on one of the aggravated assault charges but permitted the jury to decide the lesser charge of attempted aggravated assault. The jury convicted appellant of burglary and aggravated assault, but acquitted him of the attempt charge. It also found that the allegation of dangerous nature had not been proven beyond a reasonable doubt. Additionally, the jury found that appellant had one prior conviction. The trial court imposed a presumptive sentence of six years on the burglary conviction and a mitigated, concurrent sentence of seven years on the aggravated assault conviction, both enhanced by one conviction but nondangerous.

On appeal, appellant first argues that he should receive a new trial or, in the alternative, that his aggravated assault conviction should be reduced to a simple assault, because of the inconsistent verdicts rendered by the jury. As noted above, the jury found appellant guilty of aggravated assault based on the use of a deadly weapon or dangerous instrument, but simultaneously found that the state

had failed to prove the dangerous nature of the offense, also based on the use of a deadly weapon or dangerous instrument. Although acknowledging that Arizona courts have not required consistency in verdicts, see *State v. Zakhar*, 105 Ariz. 31, 459 P.2d 83 (1969), appellant distinguishes this case because it involves a special verdict on an element of the offense as opposed to inconsistent verdicts on different counts of the same indictment.

We do not find this distinction significant. In *State v. Estrada*, 27 Ariz.App. 38, 550 P.2d 1080 (1976), for example, this court upheld a conviction for conspiracy to violate state narcotics laws even though the only evidence of an overt act was the substantive offense of heroin possession, of which the defendant was acquitted. The court reasoned:

> The fact that the jury found appellant not guilty on the substantive offenses does not necessarily mean that it found that he was not in possession of the heroin. The acquittal is no more than the jurors' assumption of a power which they had no right to exercise but to which they were disposed through lenity.... Whether the jury's verdict was a result of carelessness or compromise is immaterial. Juries may indulge in precisely such motives or vagaries.

*Id.* at 40, 550 P.2d at 1082 (citations omitted). We also believe that appellant's reliance on *State v. Doan*, 158 Ariz. 336, 762 P.2d 623 (App.1988), is misplaced. In *Doan*, the jury acquitted the defendant of child abuse under circumstances likely to produce death or serious physical injury, convicted the defendant of a lesser-included offense of child abuse, but found a dangerous nature allegation to be true. This court held only that the issue of dangerousness should not have been submitted to the jury once it acquitted the defendant of child abuse under circumstances likely to produce death or serious physical injury. Here, the issue was properly submitted to the jury, which was nevertheless free to make its own finding. *See Estrada, supra.* We find no error.

■ Appellant also argues that the trial court erred in denying his motion to compel specific performance of a plea agreement allegedly entered into by appellant and the state. The state had originally offered a plea to endangerment, treated as a class 6 open-ended felony. Appellant's counsel accepted the plea but advised the state that appellant had one prior conviction. Nevertheless, the prosecutor forwarded the plea agreement, which was executed by appellant and his counsel. For reasons which are not entirely clear, counsel postponed the change-of-plea hearing, apparently in the hope of negotiating a more favorable agreement in conjunction with another case. In the interim, both counsel realized that endangerment could not be treated as an open-ended offense. Before a new agreement could be negotiated, the state filed an allegation of prior conviction and refused to offer the same deal. Further, the state subsequently learned that appellant was on probation on another felony conviction in Texas which had not previously been disclosed.

The trial court found that counsel was ineffective in failing to arrange immediately for appellant to enter a guilty plea and further found that the appropriate remedy was to require the state to give appellant its original offer. However, citing a provision in the agreement which permitted the state to withdraw if appellant misrepresented his prior criminal record, the court concluded that the state would have withdrawn from the agreement upon learning of the Texas conviction.

Appellant contends that the trial court erred in permitting the state to have the benefit of knowledge it would not have had at the time the plea should have been entered. We agree with the state that appellant may not seek equitable relief from this court in order to enable him to perpetrate a fraud on the court and the state. Moreover, contrary to the finding of the trial court, it is clear from the record that, once both parties discovered that endangerment could not be treated as an open-ended felony, there was no agreement to enforce. We therefore find no merit to appellant's claim.

We have reviewed the entire record for fundamental error and have found none. The judgment of conviction and sentence are therefore affirmed.

ROLL, C.J., and FERNANDEZ, J., concur.