923 P.2d 856

**STATE of Arizona, Appellee,**

v.

**Theron Alvin DENMAN, Appellant.**

**No. 1 CA–CR 94–0600.**

Court of Appeals of Arizona,
Division 1,
Department D.

March 26, 1996.

Review Denied Sept. 17, 1996.

---

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Linda L. Knowles, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

KLEINSCHMIDT, Judge.

The Defendant, Theron Denman, appeals from his convictions for conspiracy to commit murder and aggravated robbery. He claims that the State presented insufficient evidence to support either conviction. We disagree, and we affirm the convictions and sentences imposed.

The victim, who was an investigator with the Maricopa County Attorney's Office, was on his way to work when he observed a man take some items from an unoccupied truck and place them in the trunk of a red car. The victim thought he was witnessing a theft in progress, so he turned his truck around to investigate. The suspect and a second man drove away in the red car, and the victim followed them.

After a few miles, the red car stopped, and the passenger got out and approached the victim's truck. The man asked the victim if he was a police officer, to which the victim replied, "What if I am?" The man then struck the victim in the face and climbed in the truck and began punching him. The man yelled to the Defendant, who had been driving the red car, "He's a cop. We got to do him. He's a cop. He's a cop." The Defendant walked back to the victim's truck and got in. While the victim was struggling with the other man, the Defendant found the victim's keys and started the truck. The victim managed to radio the police for help. The Defendant drove while the other man punched the victim and said, "We got to drive away and we got to kill him, got to get rid of him." Eventually, the victim was able to kick the gear shift into park, open the passenger door, and jump out. The Defendant and the other man left the scene in the victim's truck.

When the police searched the abandoned red car, they found traffic tickets issued to the Defendant. Hair samples and fingerprints taken from the car also implicated the Defendant. He was arrested and was charged with nine offenses, including aggravated robbery, attempted murder, and conspiracy to commit murder. The Defendant was convicted on eight of the nine counts and

was sentenced to life in prison. The sentence for conspiracy to commit murder was concurrent with the sentences for the other crimes.

## THE EVIDENCE SUPPORTS THE DEFENDANT'S CONVICTION FOR CONSPIRACY TO COMMIT MURDER

The Defendant argues that the State did not prove conspiracy to commit murder because it failed to show that an agreement to commit murder existed before the passenger began committing the acts that constituted attempted murder. The *timing* of the agreement, however, appears to be irrelevant. Arizona Revised Statutes ("A.R.S.") section 13–1003(A) provides:

A person commits conspiracy if, with the intent to promote or aid the commission of an offense, such person agrees with one or more persons that at least one of them or another person will engage in conduct constituting the offense and one of the parties commits an overt act in furtherance of the offense, except that an overt act shall not be required if the object of the conspiracy was to commit any felony upon the person of another....

The focus of the crime of conspiracy is the unlawful agreement itself and the threat to society—the enhanced chance of success—that such collusion between two or more people represents. *State v. Arredondo,* 155 Ariz. 314, 317, 746 P.2d 484, 487 (1987); *see also Iannelli v. United States,* 420 U.S. 770, 778, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616 (1975) (participation by more than one person increases likelihood that the criminal enterprise will succeed and decreases likelihood that it will be abandoned). Because the object of the crime in this case was a felony upon the person of another, the State did not have to prove an overt act, and the crime of conspiracy consisted solely of "the illegitimate agreement and the agreement [was] the crime." PAUL MARCUS, PROSECUTION AND DEFENSE OF CRIMINAL CONSPIRACY CASES § 2.02, at 2–2 (perm. ed. rev. vol. 1990).

The State argued to the jury that the agreement to kill the victim was complete when the Defendant responded to his partner's demands by walking back to the victim's truck, locating the keys and driving away. *See State v. Estrada,* 27 Ariz.App. 38, 40, 550 P.2d 1080, 1082 (1976) (finding that unlawful agreement can be inferred from the overt conduct of the parties). The jury could reasonably have accepted this version of events. From these actions alone the Defendant could be found guilty of conspiracy to commit murder, and this is true regardless of whether the actual attempt to commit murder began before or after the Defendant agreed to help commit the crime.

We can find no case which holds that a conspiracy does not exist unless the agreement to commit a crime precedes the acts that constitute an attempt to commit the substantive crime which is the object of the conspiracy. We have also considered whether the conspiracy somehow merged into the substantive offense once the acts constituting the offense were undertaken. It did not. *See Pinkerton v. United States,* 328 U.S. 640, 643, 66 S.Ct. 1180, 1181, 90 L.Ed. 1489 (1946); *see also State v. Olea,* 139 Ariz. 280, 293, 678 P.2d 465, 478 (App.1983) (the commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses). The factors which underlie the reason conspiracy is a separate crime—the enhanced chance of success and the reduced chance that the crime will be abandoned—were as much present in this case as if the agreement to commit murder had preceded that actual attempt to commit murder. This is not to say, however, that a conspiracy can always carry a sentence consecutive to that imposed for the substantive crime. *See* A.R.S. § 13–116; *State v. Alexander,* 175 Ariz. 535, 858 P.2d 680 (App.1993). We are not faced with that question in this case.

## THE EVIDENCE SUPPORTS THE DEFENDANT'S CONVICTION FOR AGGRAVATED ROBBERY

The Defendant contends that the evidence was insufficient to support his aggravated robbery conviction because it did not prove that either he or the passenger used force against the victim for the purpose of taking or keeping the pickup truck. We will consider the evidence in the light most favorable to supporting the verdict and will re-

verse only if there is a complete absence of "substantial evidence" to support the conviction. *State v. Atwood*, 171 Ariz. 576, 596–97, 832 P.2d 593, 613–14 (1992).

Robbery is defined by A.R.S. section 13–1902(A):

A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

██ The Defendant does not dispute the fact that he and his accomplice took the victim's truck against the victim's will. Instead, he claims that the force used against the victim was not for the purpose of taking the truck or preventing the victim's resistance to the taking. The evidence, however, shows that the Defendant and his companion wanted to use the victim's truck to take the victim elsewhere and kill him. Although the passenger began hitting the victim before any attempt was made to take the truck, the jury could reasonably conclude that the use of force served to prevent the victim from resisting the taking of the truck. Viewed in a slightly different fashion, the force used had a residual effect which aided the Defendant and his confederate to take the truck. We therefore find that the evidence supports the Defendant's conviction for aggravated robbery.

We have fully reviewed the record for fundamental error and find that no reversible error was committed in these proceedings.

It is ordered affirming the Defendant's convictions and sentences.

PATTERSON, P.J., and GARBARINO, J., concur.