NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH SEFERINO CORDOVA, *Appellant*.

No. 1 CA-CR 14-0807
FILED 2-9-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-114707-001
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Patricia Hubbard, Phoenix
By Patricia Hubbard
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge John C. Gemmill and Judge Margaret H. Downie joined.

---

**G O U L D**, Judge:

¶1     Appellant Joseph Seferino Cordova ("Cordova") challenges his convictions for two counts of aggravated assault.[1]  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2     In March 2014, police received a 911 call regarding a home invasion.  The caller stated she observed an individual, later identified as Cordova, walking out the back door of her home with a machete in his hand.

¶3     Police responded to the call and located Cordova nearby the subject home, holding a machete at his side.  The officers repeatedly ordered Cordova to put his weapon down.  Instead of complying, Cordova kept the machete in his hand with the blade up against his arm, tensed up, and took a "fighting, ready-to-take-action stance."  Cordova advanced toward the officers in a manner leading them to believe he was going to attack with the machete.  The officers shot Cordova with a Taser.  Cordova was arrested and charged with criminal trespass in the first degree, disorderly conduct, misconduct involving weapons, and two counts of aggravated assault against a peace officer.

¶4     Cordova's case proceeded to trial.  At the conclusion of the trial, the court instructed the jury on the elements of aggravated assault as follows:

[t]he crime of aggravated assault requires proof of the following:

(1) The defendant committed an assault; and

---

[1]     Cordova was also convicted and sentenced for the following offenses: criminal trespass, disorderly conduct, and misconduct involving weapons.  He does not challenge these convictions and sentences on appeal.

(2) The defendant used a deadly weapon or dangerous instrument; and

(3) The victim was a peace officer engaged in the execution of any official duty.

¶5         During deliberations, the jury submitted the following question to the court:

[i]n the part of the definition of aggravated assault that says, 'the defendant used a deadly weapon or dangerous instrument. . .' is the term 'used,' the same as the term possession? Holding?

The court conferred with counsel, and both counsel agreed on the following response: "[p]lease refer to your instructions. We cannot define the term further." Defense counsel did not request any additional instructions or definitions for the word "used."

¶6         The jury found Cordova guilty on all counts, including the two counts of aggravated assault. Because the State alleged Cordova's aggravated assault convictions were dangerous offenses, the case proceeded to the aggravation phase. The court provided the jury with the following instruction regarding the dangerous allegation:

. . . An offense is a dangerous offense if it involved the intentional or knowing infliction of serious physical injury or the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument.

After deliberations, the jury found the dangerous allegation "not proven" as to both counts of aggravated assault.[2] Following sentencing, Cordova timely appealed.

**DISCUSSION**

¶7         Cordova argues he is entitled to a new trial because the jury rendered contradictory verdicts. Specifically, Cordova contends the jury's verdicts during the guilt phase were based on a finding he committed aggravated assault by using a deadly weapon or dangerous instrument. In

---

[2]         Cordova filed a motion for new trial where, for the first time, he challenged the failure of the court to provide a jury instruction defining the term "use." The record, however, does not reflect whether the court ruled on the motion.

contrast, the jury found that the allegation of dangerousness had not been proven, concluding Cordova did not use a deadly weapon or dangerous instrument.

¶8        Because Cordova failed to timely object to the subject instruction at trial, we review only for fundamental error. *State v. Larin*, 233 Ariz. 202, 208, ¶ 14 (App. 2013). To prevail under a fundamental error standard of review, the burden is on the defendant to establish both fundamental error exists and that the error caused him prejudice. *State v. Henderson,* 210 Ariz. 561, 567, ¶¶ 19, 20 (2005). Additionally, in considering Cordova's challenge, we will not speculate or inquire into the jury's mental processes during deliberations, nor will we speculate about "what the jury 'really meant' by its verdicts." *State v. Mauro*, 159 Ariz. 186, 206 (1988); *State v. Hansen*, 237 Ariz. 61, 68, ¶ 20 (App. 2015).

¶9        We find no error. It is well-established in Arizona that consistent verdicts are not required in all cases. *State v. Zakhar*, 105 Ariz. 31, 32 (1969); *Hansen*, 237 Ariz. at 67-68, ¶ 19. "The rationale for this approach is that the inconsistency might not represent an error detrimental to the defendant but instead could be a favorable error or the result of jury nullification, compromise, or lenity." *Id*. at ¶ 20.

¶10        In *State v. Parsons*, 171 Ariz. 15 (App. 1991), we affirmed a guilty verdict based on facts similar to those in this case. In *Parsons*, the jury convicted the defendant of aggravated assault for assaulting the victim using a "knife and/or board." *Id.* at 15-16. The jury found, however, the State failed to prove the offense was a dangerous offense. *Id.* at 16. We affirmed defendant's conviction, stating that under these facts, the inconsistent verdicts rendered by the jury were permissible, and did not require a new trial. *Id.* at 16; *Cf. Hansen*, 237 Ariz. at 68, ¶ 21 (holding that guilty verdict on greater offense of aggravated assault and not guilty verdict on lesser-included offense of assault for the same count were not permissible; such verdicts were "impossible in the sense that they cannot be given simultaneous effect."

¶11        Additionally, the court did not err in failing to define the word "used." The court properly instructed the jurors on the elements of aggravated assault. Moreover, the word "used" as set forth in the instructions is "commonly understood," and did not require a definition. *See State v. Forde*, 233 Ariz. 543, 564–65, ¶ 82 (2014) (court did not err in failing to define "theft" in jury instructions because it was used in its ordinary sense and was commonly understood.)

**CONCLUSION**

¶12          For the above reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama