907 P.2d 1382

The STATE of Arizona, Appellee,

v.

Douglas Ray RICH, Appellant.

No. CR–95–0204–PR.

Supreme Court of Arizona,
En Banc.

Dec. 7, 1995.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section, Susanna C. Pineda, Assistant Attorney General, Phoenix, for Appellee.

Marshall D. Tandy, Tucson, for Appellant.

**180**

## OPINION

Memorandum Decision of the Court of Appeals, Division Two, Filed March 14, 1995, **VACATED IN PART**

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

The court of appeals upheld defendant's conviction for possession of marijuana for sale despite the trial court's failure to disclose to defendant or his counsel that the jury had returned an inconsistent guilty verdict on the lesser included offense of possession. We granted defendant's petition for review and have jurisdiction pursuant to Ariz. Const., art. VI, § 5(3).

### FACTS AND PROCEDURAL HISTORY

Defendant was charged with both possession of marijuana for sale and possession of drug paraphernalia. The first trial resulted in a hung jury on both counts, and defendant was retried. At the second trial, the trial court concluded that the evidence could support a finding of simple possession as a lesser included offense of possession for sale, and instructed the jury accordingly. The propriety of instructing on simple possession is unchallenged on appeal. The second jury found defendant guilty on both counts and filled out a guilty verdict form for each. However, the jury also filled out and returned a guilty verdict for the lesser included offense of simple possession of marijuana. This contradicted instructions to the jury that it should complete the lesser included offense form only if it first found defendant not guilty of the greater possession for sale charge. These instructions were explicitly repeated on the verdict form itself.

When the jury returned, all three signed guilty verdicts were delivered to the judge. Without saying anything to counsel, the judge read the possession for sale and possession of paraphernalia verdicts but did not read or refer to the possession-only verdict. The court then polled the jury on the two verdicts it had read, but not on the possession-only verdict. Counsel for defendant ultimately discovered the third signed verdict form in the file while working on the appeal. The form bears an unsigned handwritten legend: "not read by court, not to be considered."

## DISCUSSION

To some extent we travel uncharted waters here because counsel cites us to no case, nor have we discovered any, where a trial judge has failed to disclose a jury's verdict to the parties. The jury, by returning all three guilty verdict forms, was, in essence, communicating to the judge that it either did not understand the court's instructions or did not follow them. By withholding this information from the parties, the trial court created problems akin to those which are created when there are ex parte communications between a judge and the jury. We have often condemned such ex parte communications. *Perkins v. Komarnyckyj*, 172 Ariz. 115, 834 P.2d 1260 (1992); *State v. Koch*, 138 Ariz. 99, 106–07, 673 P.2d 297, 304–05 (1983); *State v. McDaniel*, 136 Ariz. 188, 197, 665 P.2d 70, 79 (1983), *cert. denied*, 499 U.S. 952, 111 S.Ct. 1426, 113 L.Ed.2d 478 (1991); *State v. Mata*, 125 Ariz. 233, 240–41, 609 P.2d 48, 55–56, *cert. denied*, 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980); *State v. Robin*, 112 Ariz. 467, 543 P.2d 779 (1975); *State v. Werring*, 111 Ariz. 68, 523 P.2d 499 (1974); *State v. Burnetts*, 80 Ariz. 208, 295 P.2d 377 (1956).

"The general rule in Arizona is that reversible error occurs when a trial judge communicates with jurors after they have retired to deliberate unless defendant and counsel have been notified...." *Mata*, 125 Ariz. at 240–41, 609 P.2d at 55–56 (footnote omitted); *see Koch*, 138 Ariz. at 106, 673 P.2d at 304; *McDaniel*, 136 Ariz. at 197–98, 665 P.2d at 79–80. We see no reason for a different rule here. However, we also acknowledge that "[w]here it may be said, beyond a reasonable doubt, that there was no prejudice to the defendant, a communication between judge and jury outside the presence of defendant and counsel is harmless error." *Mata*, 125 Ariz. at 241, 609 P.2d at 56; *see Koch*, 138 Ariz. at 107, 673 P.2d at 305; *McDaniel*, 136 Ariz. at 197, 665 P.2d at 79.

When a jury returns guilty verdicts for both a charged offense and a lesser included offense, the preferable course of action is to "explain the situation to the jury, reinstruct on the law, and allow the jury to deliberate further." *State v. Engram,* 171 Ariz. 363, 366, 831 P.2d 362, 365 (App.1991). The court of appeals, without referring to the part of *Engram* we have just cited, instead cited *Engram* for the proposition that "[w]hen jurors reach guilty verdicts on both greater and lesser-included offenses, the verdict for the lesser offense should be vacated and that for the greater offense stands." *State v. Rich,* No. 2 CA–CR 93–0690, mem. dec. at 4 (App. Mar. 14, 1995). However, in *Engram,* the trial court revealed the existence of the inconsistent verdict and counsel made no objection. *Engram,* 171 Ariz. at 365, 831 P.2d at 364. Here, counsel had no opportunity to object because the trial court chose not to tell counsel of the inconsistent verdict. The trial court here did not follow *Engram*'s recommended procedure.[1] *Engram* was not called to the trial court's attention as it might have been had the trial court disclosed the verdict to counsel.

"When ... a trial judge acts without notice, the litigants have no opportunity to object or voice their concerns regarding the judge's procedure until it is too late. The damage is done." *Perkins,* 172 Ariz. at 118, 834 P.2d at 1263. In this case, the court received a communication from the jury clearly indicating that it had not complied with its instructions. Rather than notify counsel and follow the procedure recommended in *Engram,* the court took it upon itself to ignore the problem. As we said in *Perkins:* "[I]nquiries of even arguable substance or significance, whether dealing with legal rules or trial procedure, must be communicated to counsel before any decision not to respond is made." *Id.* at 118, 834 P.2d at 1263.

We are not prepared to say, beyond a reasonable doubt, that defendant suffered no prejudice by reason of the trial court's ac-

tions. If the judge had followed the procedure recommended by *Engram,* the jury may have changed its verdict on the possession for sale charge. We simply do not know what the jury would have done. The first trial did result in a hung jury. We are not prepared to say that the error was harmless.

### DISPOSITION

We vacate that portion of the court of appeals' memorandum decision which affirmed defendant's conviction on the possession for sale charge, reverse that conviction, and remand to the trial court for a new trial on that charge. Nothing in this opinion affects defendant's conviction and sentence on the charge of possession of drug paraphernalia.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.

---

1. We leave for another day the case in which a verdict returned in apparent disregard of the court's instructions can be cured short of resubmission to the jury. *See, e.g., People v. Robinson,* 45 N.Y.2d 448, 410 N.Y.S.2d 59, 382 N.E.2d 759 (1978). However, all such verdicts must be shared with counsel before the trial court makes its decision.