925 P.2d 701

**The STATE of Arizona, Appellee,**

v.

**Daniel Byron WEBB, Appellant.**

No. 2 CA–CR 95–0279.

Court of Appeals of Arizona, Division 2, Department B.

March 29, 1996.

As Corrected April 8, 1996.

As Corrected on Denial of Reconsideration April 25, 1996.

Review Denied Oct. 21, 1996.

Grant Woods, Attorney General by Paul J. McMurdie and Galen H. Wilkes, Phoenix, for Appellee.

Susan A. Kettlewell, Pima County Public Defender by William J. Kirchner, Tucson, for Appellant.

## OPINION

ESPINOSA, Presiding Judge.

Appellant Daniel Byron Webb was convicted of two offenses arising out of the same conduct: driving under the influence of intoxicating liquor while his license was suspended (aggravated DUI) and driving under the influence with two prior DUI convictions.[1] He was placed on five years' probation and ordered to serve 120 days in jail. On appeal, he contends that his convictions must be reversed because the trial court improperly pressured the jury and because one conviction violates the constitutional prohibition against double jeopardy. He also argues that the trial court erred in failing to instruct the jury on the definition of reasonable doubt. Because we agree the court's procedure in resubmitting the case to the jury following its announcement of a verdict violated double jeopardy, we vacate one of

Webb's convictions and remand for resentencing.

## Relevant Procedural Facts

Webb's claims with respect to the jury's verdicts are based on the following undisputed facts. In order to avoid acquainting the jury with his prior DUI convictions, Webb admitted them prior to trial. Count two, therefore, was tried simply as a charge of driving under the influence, with the understanding that a guilty verdict would have the effect of convicting him of the felony. At the close of the evidence, the jury was instructed and given verdict forms as to count one on the aggravated DUI and two lesser-included offenses: driving under the influence and driving while his license was suspended. On count two, the jury was given one form of verdict on driving under the influence (DUI).

When the jury first returned with its verdicts, the trial judge (Collins) was not available and Judge Alfred sat in his place. The clerk read the first three verdicts, which acquitted Webb of the aggravated DUI but found him guilty of the two lesser-included offenses. At that point, the judge called counsel to the bench and the following transpired:

> THE COURT: I have a situation here where they have found him not guilty of the aggravated DUI.... [I]n Count I, he was found not guilty of the greater, and he was found guilty of driving under the influence and guilty of driving while license is suspended. It seems somewhat inconsistent. I mean, you put the lessers together and it makes up the greater.
>
> MR. FOSTER [defense counsel]: I know.
>
> THE COURT: ... It seems to me that they cannot find him guilty of both lessers and not guilty of the greater, which is aggravated driving, which in other words is DUI with the license suspended.

*　　*　　*　　*　　*　　*

---

1. Two other charges based on blood alcohol content were dismissed because the breathalyzer had failed its calibration check.

MR. FOSTER: Unfortunately, this matter requires some sort of further instruction to—

THE COURT: They'll have them go back and do it again.

MR. FOSTER: Because—

THE COURT: That's what we have to do. Ladies and gentlemen, we have, I guess, what I'll call an inconsistent verdict here. In other words, on Count I you found him not guilty of the greater offense. That is the aggravated driving under the influence while license is suspended, revoked or in violation of a restriction. That was broken down into the two lessers which included the driving under the influence and the other of which is driving while license is suspended. Apparently you found him guilty of both of those lessers; is that correct, or was that not correct?

JUROR GOMEZ: Correct.

THE COURT: When you put the two lessers together it makes the greater. So what you've done is on one hand you found him not guilty of the greater offense, but you found him guilty of the two lessers which makes the greater offense. So I guess what I'm going to do is I need you to go back in the jury room and reconsider the matter.

All right. Basically, your options are the same. In other words, you can find him guilty of the greater offense or you can find him not guilty of the greater offense. But you cannot find him not guilty of the greater and then guilty of

both lessers. So with that, why don't you bring them on back.

JUROR GOMEZ: Can we ask a question?

THE COURT: Why don't you wait until Judge Collins comes back.

After the jury resumed deliberations, it sent back two separate sets of questions, each of which was answered by Judge Collins after consultation with counsel.[2] Ultimately, the jury returned guilty verdicts on the felony charge in count one and the DUI in count two.

## Discussion

■ Webb argues first that, by instructing the jurors they could not acquit him of aggravated DUI and then convict him of both lesser included offenses, both judges improperly displaced the independent judgment of the jurors and coerced them into reaching the ultimate verdicts. See State v. McCutcheon, 150 Ariz. 317, 723 P.2d 666 (1986); Malott v. Miller, 162 Ariz. 239, 782 P.2d 715 (App.1989). He also argues that, because the original verdicts on count one included an acquittal of the greater offense, requiring the jury to deliberate further violated the constitutional prohibition against double jeopardy.[3] Because we agree that double jeopardy was violated, we do not address the issue of jury coercion.

■ After a defendant has been acquitted of a criminal charge, the state is prevented from further prosecuting the defendant on that charge, even in the same proceeding and regardless of whether the original deci-

2. The jury's first questions were:

If 2 counts why do we have 4 verdicts? The DUI: is there a choice of degrees?
1) Aggravated
2) Lesser

After discussing the question and trial counsel's objection to Judge Alfred's handling of the verdicts in chambers, Judge Collins sent the following response to the jury:

There are two separate counts.
There are no choice of degrees.
Count one has two lesser included offenses.
On Count One it is inconsistent to find him not guilty of Aggravated DUI and then guilty of DUI, and guilty of Driving on a Suspended License, the Lesser included offenses, since the two Lessers make up Aggravated DUI.

You may find him guilty or not guilty of Aggravated DUI.
If you find him not guilty of Aggravated DUI, you may find him guilty or not guilty of either of the Lesser included offenses, but cannot find him guilty of both lesser included offenses.

The jury then sent back another note, asking "Is it inconsistant [sic] to find him Not Guilty in count one for DUI & Guilty in count 2 DUI," to which Judge Collins replied, "Yes that is inconsistent. Each count is a separate and distinct offense."

3. Under the circumstances of this case, we reject the state's argument that this issue is waived by Webb's failure to raise it in the trial court. See State v. Millanes, 180 Ariz. 418, 885 P.2d 106 (App.1994).

sion to acquit is erroneous. *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *State v. Millanes*, 180 Ariz. 418, 885 P.2d 106 (App.1994). The state argues that the jury's verdicts on count one were invalid and, therefore, presumably did not have the effect of an acquittal because their combined effect was to violate the requirement of Ariz.R.Crim.P. 23.2(a), 17 A.R.S., that "the jury ... render a verdict finding the defendant either guilty or not guilty." As the comment to that rule makes clear, however, its purpose is to abolish special verdicts, not inconsistent verdicts. Inconsistent verdicts on different counts are not impermissible in Arizona. *State v. Zakhar*, 105 Ariz. 31, 459 P.2d 83 (1969); *State v. Bravo*, 171 Ariz. 132, 829 P.2d 322 (App. 1991).

Division One of this court has held that a jury verdict is final and not subject to reconsideration "if (1) the deliberations are over, (2) the result is announced in open court, and (3) the jury is polled and no dissent is registered." *State v. Kiper*, 181 Ariz. 62, 68, 887 P.2d 592, 598 (App.1994). This holding is consistent with Ariz.R.Crim.P. 23.4, which permits the court to direct further deliberations after polling only "[i]f the responses to the jurors [sic] do not support the verdict." The purpose of this rule is to ensure a unanimous, uncoerced verdict. *Kiper*.

In this case, the deliberations had concluded and the verdicts on count one had been announced when the trial court interrupted the proceedings. Although the jurors were not individually polled, the foreman assured the trial court that it had correctly summarized the jury's verdicts: not guilty of the greater offense but guilty of the two lessers. Because there was nothing even to suggest that those verdicts were not unanimous, we must conclude that they were final for purposes of double jeopardy, albeit inconsistent, and that the trial court had no authority to require the jury to deliberate further. *Cf. Millanes* (once trial court erroneously grants motion for directed verdict of acquittal, it may not reconsider and submit charge to the jury). *See also Smalis v. Pennsylvania*, 476 U.S. 140, 145, 106 S.Ct. 1745, 1749, 90 L.Ed.2d 116, 122 (1986) ("subjecting the de-

fendant to post-acquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause").

In so concluding, we are cognizant of two cases involving inconsistent verdicts on greater and lesser offenses under the same count holding that, after consultation with counsel, "the preferable course of action is to 'explain the situation to the jury, reinstruct on the law, and allow the jury to deliberate further.'" *State v. Rich*, 184 Ariz. 179, 181, 907 P.2d 1382, 1384 (1995), *quoting and approving State v. Engram*, 171 Ariz. 363, 366, 831 P.2d 362, 365 (App.1991). Both cases, however, involved situations in which the jury returned with guilty verdicts on both the greater and lesser offenses. Returning the case to the jury for further deliberation in that circumstance could only work in the defendant's favor, as the jury might, after being reinstructed, determine to acquit him or her of the greater offense. The defendant could certainly be no worse off by the court's utilizing such a procedure. Here, by contrast, the jury had returned a verdict that acquitted Webb of the greater offense; resubmitting the charge to the jury had great potential to work to his detriment, as indeed occurred.

The only Arizona cases involving acquittals of which we are aware are *State v. Parsons*, 171 Ariz. 15, 827 P.2d 476 (App.1991), and *State v. Estrada*, 27 Ariz.App. 38, 550 P.2d 1080 (1976), and both are inapposite to this case. In *Estrada*, the jury convicted the defendant of conspiracy but acquitted him of the substantive charge, which was the only overt act alleged as part of the conspiracy. Rejecting Estrada's claim that his conspiracy conviction should be vacated, we concluded:

> The fact that the jury found appellant not guilty on the substantive offenses does not necessarily mean that it found that he was not in possession of the heroin. The acquittal is no more than the jurors' assumption of a power which they had no right to exercise but to which they were disposed through lenity. *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). Whether the jury's verdict was a result of carelessness or compromise

**564**

is immaterial. Juries may indulge in precisely such motives or vagaries.

27 Ariz.App. at 40, 550 P.2d at 1082. In *Parsons,* we applied the same reasoning to a defendant convicted of aggravated assault but "acquitted" on the dangerous nature enhancement allegation, concluding that inconsistency was permissible even though the special verdict acquitted him of one element of the aggravated assault. In neither case, however, was the issue raised in the trial court prior to acceptance of the jury's verdicts. Additionally, and unlike the present case, the defendants in *Parsons* and *Estrada* were convicted of the greater offense rather than the lesser.

Webb's final claim, that the trial court erred in failing to instruct the jury on the meaning of "reasonable doubt," is without merit. *See generally State v. Portillo,* 182 Ariz. 592, 898 P.2d 970 (1995).

Accordingly, the aggravated DUI conviction on count one is vacated, the misdemeanor verdicts under that count are reinstated and the matter is remanded for resentencing.

DRUKE, C.J., and HATHAWAY, J., concur.