ESPINOSA, Judge,
dissenting:
¶ 28 I must respectfully dissent because I cannot agree with my colleagues’ foundational premise, which redefines the attributes of a final verdict to conclude that the jury’s verdict here, on the only count the defendant was charged with, was ambiguous. On the record before this court, the jury’s intent to convict Hansen of aggravated assault was made abundantly clear, and the trial court reversibly erred in disregarding the jury’s decision on the basis of a mere clerical mix-up.
¶ 29 As my colleagues acknowledge, this court has observed that “[a] verdict is final if (1) the deliberations are over, (2) the result is announced in open court, and (3) the jury is polled and no dissent is registered.” State v. Riper, 181 Ariz. 62, 68, 887 P.2d 592, 598 (App.1994); accord State v. Webb, 186 Ariz. 560, 563, 925 P.2d 701, 704 (App.1996). “[M]ere irregularity in a verdict of conviction is immaterial if the intent to convict the accused of the crime charged is unmistakably expressed.” State v. Marin, 107 Ariz. 580, 582, 490 P.2d 1170, 1172 (1971).
¶ 30 Here, not only did the jurors expressly confirm their intentions when individually polled after the verdict had been rendered and announced, but any possible ambiguity was eliminated when the jury went on to find the offense a dangerous one, based on Hansen’s use of a weapon, and then verbally confirmed its decision in open court when queried by the judge. That a second verdict form relating to the lesser-ineluded offense of simple assault was marked “not guilty,” while inconsistent with the court’s instructions, was readily explained by the foreperson as simple confusion on her part in dealing with “the two sheets.” My col *70 leagues greatly overstate this irregularity by regarding it as “substantial evidence of a conflicting intent” on the aggravated assault charge. See Marin; see also People v. Camacho, 171 Cal.App.4th 1269, 90 Cal.Rptr.3d 559, 562 (2009) (error in recording judgment as opposed to rendering judgment immaterial if, viewing record as a whole, jury’s intent to convict unmistakable).
¶ 31 My colleagues also voice concern that upholding the jury’s expressly confirmed verdict would deprive Hansen of the opportunity to have polled the jurors about the aberrational, if semantically logical, verdict sheet marked “not guilty” of simple assault. But Hansen was free to request such polling, just as he did without hesitation for the aggravated assault verdict. Doing so would certainly have further clarified the foreperson’s mistake, a mere clerical matter not involving the jury’s deliberative process. Contrary to my colleagues’ assessment, the trial court did not decline to credit the foreperson’s explanation, but rather cut her off and did not consider it, under the erroneous belief that it went to the jury’s thought process. See Plummer v. Springfield Terminal Ry. Co., 5 F.3d 1, 3 (1st Cir.1993) (well established that juror testimony regarding alleged error, such as announcing a verdict different than that intended, does not invoke deliberative processes). Hansen, however, strategically chose not to inquire further or poll the jury on the lesser-included offense. Accordingly, no unfairness arises from his concededly “voluntary choice,” which waived any further rights he had in that regard. See State v. Engram, 171 Ariz. 363, 365, 366, 831 P.2d 362, 364, 365 (App.1991) (following guilty verdicts on both charged and lesser-included offense, had defendant “ask[ed] that the jury be questioned further on the subject” “the trial judge might very well have explained the inconsistency to the jury and determined its true intent on the record”).
¶ 32 It requires no speculation, but only common sense to conclude the jury’s verdict finding Hansen guilty of aggravated assault with a dangerous weapon “ ‘was certain, unqualified and unambiguous considering the circumstances of the receipt of the verdict and poll of the jurors relative to their verdict.’ ” United States v. Morris, 612 F.2d 483, 490 (10th Cir.1979), quoting Cook v. United States, 379 F.2d 966, 968 (5th Cir.1967). I would accordingly reverse the trial court’s mistrial ruling, reinstate the jury’s verdict, and remand the case for sentencing.