NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CLAUDE WYNINGER, JR., *Appellant.*

No. 1 CA-CR 14-0862
FILED 4-12-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201400048
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

**G E M M I L L**, Judge:

¶1        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Claude Wyninger, Jr.'s conviction of misconduct involving weapons, a Class 4 felony.  Wyninger's counsel has searched the record on appeal and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Wyninger has filed a *pro per* supplemental brief identifying various issues, which we address below.  After reviewing the entire record, we affirm Wyninger's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2        On January 2, 2014, Wyninger borrowed a vehicle from a friend, M.S., in order to do laundry.  M.S. brought the vehicle, a Jeep Wrangler ("the Jeep"), to Wyninger at a friend's house located in Sandwood.  Wyninger noticed the Jeep was not the vehicle M.S. normally drove, but thought M.S.'s father had let her use it.  Wyninger loaded all his belongings into the Jeep without noticing what was already in the vehicle.

¶3        After reports of a burglary, Mohave County Sheriff's Deputies responded to a Mohave County home.  Items reported stolen during the burglary included a Jeep Wrangler and a gun.  The deputies entered the Jeep's VIN number and the gun's serial number into a police database.

¶4        Officer D.W. received an alert regarding the stolen Jeep.  He later saw Wyninger driving it, and followed him in an unmarked police vehicle.

¶5        Wyninger, who was driving without a license, noticed Officer D.W.'s vehicle following him.  Wyninger tried to evade the vehicle by driving the Jeep into a wash, where it tipped over and several items were thrown out of it, including a ski mask, a flashlight, various tools, and a gun.  Wyninger left the Jeep and went to a nearby residence to ask for assistance and a ride home.  He was arrested soon thereafter.

¶6        After he was arrested, Wyninger was informed the Jeep was stolen.  At trial, he testified the ski mask and the flashlight belonged to him, but that he did not know about the gun or other tools found by police.  Officer D.W. testified the gun was found to the north of the vehicle, whereas the other items thrown from the vehicle were to the west of the vehicle.  The

parties stipulated that Wyninger was a prohibited possessor of weapons, and Wyninger also admitted at trial that he was a convicted felon.

**¶7**        Wyninger was charged with theft of means of transportation, misconduct involving weapons as a prohibited possessor, possession of burglary tools, and theft. Wyninger was found guilty of misconduct involving weapons but not guilty of the other charges. Wyninger was sentenced to the presumptive term of incarceration for ten years.

**¶8**        Wyninger timely appeals. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

## DISCUSSION

## I.        Issues Raised in Wyninger's Supplemental Brief.

**¶9**        Wyninger argues the evidence presented at trial was insufficient to support the guilty verdict. Wyninger also asserts that the guilty verdict is inconsistent with his acquittals on theft of means of transportation, possession of burglary tools, and theft.

### A.        Sufficiency of the Evidence

**¶10**        Under A.R.S. § 13-3102(A)(4), a person "commits misconduct involving weapons by knowingly . . . possessing a deadly weapon or prohibited weapon if such person is a prohibited possessor." Wyninger argues there was insufficient evidence to show that he knowingly possessed the handgun found near the Jeep. When determining whether sufficient evidence exists, we view the facts and reasonable inferences therefrom in the light most favorable to upholding the jury's verdict. *State v. George*, 206 Ariz. 436, 440, ¶ 3 (App. 2003).

**¶11**        At trial, Officer D.W. testified that the gun was found north of the Jeep, about 30 feet away. The other items thrown from the Jeep were found closer to the vehicle and on the west side. Had the gun fallen out of the Jeep when it tipped over, it probably would have been found in the same vicinity as the other items. Circumstantial evidence therefore supports the conclusion that Wyninger possessed and controlled the weapon by moving it after the Jeep tipped over. *See State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 10 (App. 2013) ("Constructive possession may be proven by direct or circumstantial evidence."). Accordingly, there is sufficient evidence in this record to support the jury's guilty verdict.

## B.      Potentially Inconsistent Jury Verdicts

**¶12**      Wyninger also argues that because he was found not guilty of theft of means of transportation, possession of burglary tools, and theft, he cannot be guilty of misconduct involving weapons.  He contends that the verdicts are inconsistent and his conviction must therefore be set aside.

**¶13**      If the verdicts are inconsistent, however, we need not disturb them.  *State v. Hansen*, 237 Ariz. 61, 67, ¶ 19 (App. 2015).  "[C]onsistency between the verdicts on the several counts of an indictment is unnecessary." *State v. Zakhar*, 105 Ariz. 31, 32 (1969); *see also Gusler v. Wilkinson*, 199 Ariz. 391, 396, ¶ 25 (2001) ("Well-settled Arizona law permits inconsistent verdicts.").

**¶14**      Moreover, these verdicts are not necessarily inconsistent.  The evidence is sufficient to support a finding that Wyninger knowingly possessed the gun, even if he did not participate in its theft or know that it was stolen.  The jury was free to decide which portions of Wyninger's testimony to believe or disbelieve and which portions of the State's evidence to accept or reject.  *See State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (explaining that it is "the function of the jury" to weigh evidence and "determine the credibility of the witnesses"); *State v. Parker*, 113 Ariz. 560, 561 (1976) (explaining that "it is the jury's function to weigh the evidence as a whole, to resolve any inconsistencies therein and then to determine whether or not a reasonable doubt exists").

## II.     Due Process Review

**¶15**      Having considered defense counsel's brief, Wyninger's supplemental brief, and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none.  The record reflects Wyninger received a fair trial.  The evidence presented supports the conviction and the sentence imposed falls within the range permitted by law.  As far as the record reveals, Wyninger was represented by counsel at all stages of the proceedings.  All proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶16**      After the filing of this decision, defense counsel's obligations pertaining to this appeal have ended.  Defense counsel need do no more than inform Wyninger of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the court's own motion, Wyninger has 30

days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration or a *pro per* petition for review.

## CONCLUSION

¶17        We affirm the conviction and sentence.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama